The Honorable Jonathan Barnett State Representative 1980 Highway 412 West Siloam Springs, Arkansas 72761-3805
Dear Representative Barnett:
I am writing in response to your request for my opinion on several questions I will paraphrase as follows:
 1. What entity has the ultimate authority to determine who may exhibit or sell livestock in a local or county fair?
 2. Are there any statutes, court cases, rules, or regulations governing such participation?
 3. If not, does a local or county fair board or association have final authority in the matter?
RESPONSE
With respect to your first question, I believe the local livestock show association has the ultimate authority to make this determination. With respect to your second question, I believe the only rules governing the exhibition or sale of livestock in a local or county fair are those promulgated by the local or county livestock show association. I believe the answer to your third question is "yes."
Question 1: What entity has the ultimate authority todetermine who may exhibit or sell livestock in a local or countyfair? *Page 2 
At the state level, subchapter 1 of title 2, chapter 33 of the Arkansas Code (Repl. 2008) establishes the Arkansas Livestock and Poultry Commission (the "Commission") and sets forth its duties and powers. Specifically, the catalog of duties and powers set forth at A.C.A. § 2-3-107 contains no provision directing or authorizing the Commission to regulate what individuals may participate in activities regarding the exhibition or sale of livestock at a local or county fair. Rather, the subchapter primarily charges the Commission, inter alia, to (1) ensure "the control, suppression, and eradication of livestock and poultry diseases and pests, and supervision of livestock and poultry sanitary work in this state," A.C.A. § 2-33-107(a)(1); and (2) "[c]ooperate with the state, district, and county livestock show associations in the promotion and development of the livestock and poultry industry of this state," A.C.A. § 2-33-107(b)(5). Nothing in these provisions suggests that the Commission's "cooperation" with state, district and county livestock show associations in the promotion of the industry should extend to the Commission's dictating who might participate in the exhibition or sale of livestock at a local or county fair. Indeed, my inquiries reveal that the Commission does not consider its mission to include controlling such participation, subject only to its duty to monitor livestock and poultry disease and pests. In this regard, I will note that neither the livestock division nor the poultry division of the Commission is charged with any authority to select among qualified individuals or entities that might participate in a local or county fair.[1] See title 2, chapter 33, subchapters 2 and 3, respectively.
As reflected above, the Commission is statutorily charged with "cooperating" with local livestock show associations with respect to the exhibition of livestock in a local or county fair. Neither the Code nor the Commission's regulations suggests that this cooperation affords the Commission with what you term "ultimate authority to determine who may exhibit or sell livestock in a local or county fair." In this regard, it is significant that the Commission itself makes no claim to have *Page 3 
such authority. In my opinion, then, so long as no violation of the state's disease and sanitation requirements exists, the authority to determine who may exhibit or sell livestock on such an occasion is purely a matter of local regulation through the association that has arranged and managed the fair.[2]
 Question 2: Are there any statutes, court cases, rules, orregulations governing such participation?
The only authority I have found regarding this question is that discussed in my response to your first question.
Question 3: If not, does a local or county fair board orassociation have final authority in the matter?
See my response to your first question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] Other than the enforcement of its health provisions, the Commission's participation in local and county fairs is restricted to establishing general standards that must be met for a fair to receive state funding. See Regulations Governing the Disbursementof State Funds Appropriated for the Payment of Premiums andConstruction at Fairs and Livestock Shows, enacted by the Commission pursuant to Act 317 of 1973. These regulations, in accordance with the mandate set forth in A.C.A. § 2-36-101 (Repl. 2008), establish a grading system whereby state funds will be apportioned based upon the various fairs' observance of criteria, such as the duration and quality of the fair, as set forth in the regulations. See
A.C.A. § 2-36-304 (Repl. 2008) (mandating that the division of state funds to county and district livestock shows or fair associations be based upon a grading system). Nothing in these regulations conditions state funding of a fair upon allowing the state to determine what particular individuals will participate.
[2] Neither the Code nor the Commission's regulations make any reference to the sale of livestock at a county fair. Consequently, the local livestock show association presumably has the ultimate authority to set rules regarding the sale of livestock at a local fair.
Although both the Code and the Commission's regulations refer to local livestock show or fair associations — indeed, title 2, chapter 36, subchapter 2 of the Code contains detailed requirements regarding the monitoring and auditing of state funds provided such associations — it is unclear precisely how such associations are organized. They are perhaps public nonprofit corporations. In any event, their existence, while acknowledged in the Code, in no sense renders them public entities of the sort that the Commission clearly qualifies as being. *Page 1